# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHERN DIVISION

IN THE MATTER OF:

| | | |
|---|---|---|
| SARAH ANNE VAN HEESWYK, | ) | CASE NO. 19-80411 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| RYAN ALAN VAN HEESWYK, | ) | Chapter 7 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AP No. |
| | ) | |
| SARAH ANNE VAN HEESWYK, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE

Comes now Plaintiff Ryan Alan Van Heeswyk ( "Plaintiff"), by and through his attorney Jackie Ferguson Graham, and files this Complaint against Defendant-Debtor Sarah Anne Van Heeswyk ( the "Debtor" ) and respectfully alleges:

### JURISDICTION

1. On February 12, 2019, the Debtor filed a voluntary petition ( the "Petition") for relief under chapter 7 of Title 11 of the United States Code ( the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama.

2. On April 4, 2019, the Debtor's duly-noticed meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code ( the "Section 341 Meeting").

3. As of the date of this Complaint the Debtor has not been granted a discharge.

4. This Complaint is timely because the date by which a Complaint objecting to Debtor's discharge or to determine dischargeability of a debt expires on May 20, 2019.

5. This is an adversary proceeding in which Plaintiff/creditor is seeking a determination as to the dischargeability of a debt owed to Plaintiff by the Debtor arising out of their divorce decree pursuant to Bankruptcy Code § 523 (a) (15) and objecting to Debtor's discharge under Bankruptcy Code §§ 727 (a) (2) (A) and 727 (a) (4) (A).

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 1334 and Bankruptcy Code §§ 523 and 727.

7. This is a core proceeding under 28 U.S.C. §§157 (b) (2) (I) and 157(b) (2) (J).

## PARTIES

8. Plaintiff is the former spouse of the Debtor, having been divorced in the Circuit Court of Limestone County, Alabama in DR15-900369 <u>Ryan Alan Van Heeswyk v. Sarah Ann Van Heeswyk</u> on July 27, 2016.

9. Defendant is the Debtor in the above-styled case.

## FACTS

10. At the time of the entry of the parties' divorce decree the parties owned a house and lot located at 27684 Gretta Circle Ardmore, Alabama which was encumbered by a mortgage loan to Green Planet Mortgage LLC/ Planet Home.

11. The parties' decree of divorce provided in pertinent part in paragraph 18 that "[t]he Defendant shall have all right, title, interest and possession in and to the property, and home located at 27684 Gretta Circle, Ardmore, Alabama 35739. The Defendant shall be responsible for the insurance and indebtedness owed thereon and shall hold the Plaintiff harmless from payment of the same." The divorce decree also provided in paragraph 19 in pertinent part that "the Defendant shall hold the Plaintiff harmless… as a result of the failure to pay said indebtedness."

12. The parties' decree of divorce also provided in pertinent part that [t]he "Business Loan" held jointly in the parties' names through Redstone Federal Credit Union shall be the sole responsibility of the Defendant. The divorce decree also provided in paragraph 19 in pertinent part that "the Defendant shall hold the Plaintiff harmless… as a result of the failure to pay said indebtedness."

# COUNT ONE
### COMPLAINT TO DETERMINE EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. SECTION 523 (A) (15)

13. Bankruptcy Code § 523 (a) (15) provides, in relevant part, that:

    a) A discharge under section 727 of this title does not discharge an individual debtor from an debt -----

    15) To a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other court of record, or a determination made in accordance with State or territorial law by a governmental unit."

14. The parties' decree of divorce entered on July 27, 2016 created a debt owed by the Debtor/ Defendant to Plaintiff for payment of the mortgage to Green Plant Mortgage LLC/ Planet Home and to Redstone Federal Credit Union. Said obligation is not dischargeable in this case under Bankruptcy Code § 523 (a) (15).

    WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment determining that the debt owed to Plaintiff by the Debtor/Defendant resulting from the parties' decree of divorce is non-dischargeable under Bankruptcy Code § 523 (a) (15) and granting Plaintiff such other and further relief as this Court may deem just and proper.

    Respectfully submitted this the 19th day of May 2019.

    /s/ Jackie Ferguson Graham
    Jackie Ferguson Graham
    Attorney for Plaintiff
    Ferguson & Ferguson
    303 Williams Avenue SW Suite 321
    Huntsville, AL 35801
    (256) 534-3435